IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAKIM ALI BRYANT,              :     CIVIL ACTION
        Plaintiff,             :     NO. 10-3871
                               :
                               :
                               :
     v.                        :
                               :
CITY OF PHILADELPHIA, et al., :
        Defendants.            :


M E M O R A N D U M


EDUARDO C. ROBRENO, J.                        JANUARY 27, 2012


I.    **INTRODUCTION**

        Hakim Ali Bryant ("Plaintiff") brings this civil

rights action ("Bryant I")[1] against the City of Philadelphia,

Police Officer Chim, Police Officer Cullen and Police Officer

Ferrero (collectively "Defendants"). Plaintiff filed this

--------

[1] Plaintiff has another pending case before the Court. See Bryant
v. City of Philadelphia, No. 10-6111 [hereinafter Bryant II].
Bryant I involves events that occurred on January 22, 2010, on
10th and Market Streets in Philadelphia. Bryant II involves
events that occurred on November 8, 2010, at Plaintiff's
mother's home on Sigel Street. Both cases include similar
claims, but involve unrelated incidents against different
Defendants.

complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights, including false arrest, false imprisonment,[2] excessive force, malicious prosecution, abuse of process, and failure to intervene.[3]

Before the Court is Defendants' Motion for Summary Judgment on all of Plaintiff's claims against Defendants City of Philadelphia and Chim as well as on his First, Sixth, Eighth, and Fourteenth Amendment claims under 18 U.S.C. § 1983. Defendants Cullen and Ferrero have also moved for summary judgment on Plaintiff's false arrest and failure to intervene claims.[4]

For the reasons that follow, the Court will grant Defendants' motion on all of Plaintiff's claims against Defendant City of Philadelphia and Defendant Chim as well as on

---

[2] A claim for false imprisonment requires the occurrence of a preceding false arrest. See infra note 8. The Court need only decide whether Defendants have satisfied their burden for summary judgment as to Plaintiff's false arrest claim to render a judgment as a matter of law as to both claims.

[3] Although Plaintiff did not specifically articulate all of these claims in his amended complaint, the Court liberally construes his pro se pleading in light of his response to Defendants' motion for summary judgment. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

[4] Defendants Cullen and Ferrero did not move for summary judgment on Plaintiff's false imprisonment, excessive force, malicious prosecution, or abuse of process claims.

2

all claims pursuant to the First, Sixth, Eighth, and Fourteenth
Amendments. The Court will also grant Defendants Cullen and
Ferrero's summary judgment motion on Plaintiff's claim for false
arrest, but will deny summary judgment on Plaintiff's failure to
intervene claim against Defendant Cullen. Therefore, the case
will proceed only as against Defendants Ferrero and Cullen on
Plaintiff's claims of excessive force, malicious prosecution,
abuse of process, and failure to intervene.


**II.   BACKGROUND**

Plaintiff alleges that, on January 22, 2010, he was
handcuffed and arrested for a drug charge for "which he was
mistakenly pointed out." Compl. 3. Plaintiff claims that during
the arrest, Officer Ferrero assaulted him by punching and
kicking him during the arrest. Am. Compl. 1; Bryant Dep. 44:23-
24, 45:1-4, 48:1-9, 69:14-24, Defs.' Mot. for Summ. J. Ex. C.,
ECF No. 19. Plaintiff also alleges that fellow Police Officers
Chim and Cullen watched as this assault occurred. Am. Compl. 1.
Plaintiff says that as a result he suffered face, neck, and back
injuries. Id. at 2. Plaintiff claims that Defendants violated
his First, Fourth, Sixth, Eighth, and Fourteenth Amendment
rights. Compl. 3.

3

Defendants, collectively, filed a motion for summary judgment. Defs.' Mot. for Summ. J. In their motion for summary judgment, Defendants provided exhibits indicating that Plaintiff was formally charged with intentional possession of a controlled substance subsequent to his arrest. Court Summ. 9, Defs.' Mot. for Summ. J. Ex. D. Plaintiff pled guilty to the charge and received nine months of probation. Id.; see also Bryant Dep. 79:18-20.

## III. DISCUSSION

Defendants filed a motion for summary judgment on April 21, 2011. Defs.' Mot. for Summ. J. 1. In their motion, Defendants argue that Plaintiff's claims against Defendant City of Philadelphia and Defendant Chim fail as a matter of law. Id. at 5-6, 9. They further argue that Plaintiff presents no cognizable First, Sixth, Eighth or Fourteenth Amendment claims. Id. at 6-7. Finally, Defendants argue that Plaintiff's false arrest and failure to intervene claims also fail as a matter of law as against Defendants Cullen and Ferrero. Id. at 7-8. Plaintiff does not contest the motion for summary judgment as to Defendant City of Philadelphia or Defendant Chim nor does he contest summary judgment as to his First, Sixth, Eighth and Fourteenth Amendment claims. However, Plaintiff does argue that

4

there are genuine issues of material fact as to his false arrest and failure to intervene claims against Defendants Cullen and Ferrero. Pl.'s Resp. 8-13, ECF No. 23.


   A.   Standard of Review

        Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

        The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593

F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 250.

     B.   <u>42 U.S.C. § 1983 Standard</u>

       Section 1983 provides a cause of action for an individual whose constitutional rights are violated by those acting under the color of state law.[5] <u>See</u> <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 284-85 (2002). The threshold inquiry in a § 1983 suit is whether the plaintiff has been deprived of a right "secured by the Constitution and laws" of the United States. <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979). Absent a violation of a right secured by the Constitution or the laws of the United States by a person acting under color of state law, there can be

---

[5]  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (2006).

no cause of action under § 1983. <u>Reichley v. Pa. Dep't of Agric.</u>, 427 F.3d 236, 244 (3d Cir. 2005) (citing <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)). In deciding whether to grant summary judgment on Plaintiff's claims, therefore, the Court must determine whether Plaintiff was, indeed, deprived of any rights secured by the Constitution or laws of the United States.

C.   <u>Claims Against the City of Philadelphia</u>

Plaintiff alleges that Defendant City of Philadelphia is liable under 42 U.S.C. § 1983 for constitutional violations caused by the wrongful and improper conduct of Defendants Chim, Cullen and Ferrero. Defendant City of Philadelphia asserts that Plaintiff has adduced no evidence to suggest that the alleged violations resulted from a municipal "custom" or "policy" of deliberate indifference to the rights of citizens.

A municipality is liable under 42 U.S.C. § 1983 when a Plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation. <u>Colburn v. Upper Darby Twp.</u>, 946 F.2d 1017, 1027 (3d Cir. 1991) (citing <u>Monell v. N.Y. Dep't of Social Servs.</u>, 436 U.S. 658 (1978)). Liability will be imposed when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the

"moving force" behind the constitutional tort of one of its employees. Id. (citing Polk Cnty v. Dodson, 454 U.S. 312 (1981)). Liability cannot be predicated, however, on a theory of respondeat superior or vicarious liability. Id. (citing Monell, 436 U.S. at 693-94).

Aside from naming the City of Philadelphia as a Defendant, Plaintiff has presented no affirmative evidence, including in the current motion before the Court, that the alleged violations of his constitutional rights resulted from city employees executing an officially adopted policy or pursuing a municipal custom within the meaning of § 1983. Thus, the Court will grant Defendant City of Philadelphia's motion for summary judgment and enter judgment in favor of Defendant City of Philadelphia on all claims against it.

D.    Claims Against Defendant Police Officer Quay Chim

Defendant Chim argues that as he had no personal involvement in the alleged wrongdoings, summary judgment should be granted in his favor on all claims. In his response, Plaintiff did not address nor adduce evidence that Defendant Chim intentionally deprived the Plaintiff of his civil rights.

A defendant in a civil rights action pursuant to 42 U.S.C. § 1983 must have personal involvement in the alleged

wrongs; liability cannot be predicated solely on the operation of respondeat superior. Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Even though Plaintiff claimed that Defendant Chim violated his constitutional rights, Plaintiff failed to provide evidence to support his allegations. Specifically, Plaintiff indicates that his lawsuit is against "Chim and his partner," the officers responsible for his arrest. Bryant Dep. 55:13-24. Plaintiff admitted that he named Defendant Chim only because he saw his name on the arrest report and "put his name down because he was there if he's the one with the glasses." Id. However, the arrest report does not list Defendant Chim as one of the arresting officers. Arrest Report 1, Defs.' Mot. for Summ. J. Ex. B. Moreover, Plaintiff only refers to an officer of Defendant Chim's Asian ethnicity as being one of the officers who transported him to the hospital. Bryant Dep. 55:13-24. Accordingly, as Plaintiff has produced no evidence that Defendant Chim was personally involved in or had any knowledge of the alleged wrongdoings, summary judgment will be granted in

9

favor of Defendant Chim and judgment will be entered in favor of Defendant Chim on all claims against him.

     E.   <u>First, Sixth, Eighth, and Fourteenth Amendment Claims</u>

Plaintiff, in the case at bar, asserts malicious prosecution, abuse of process, false arrest, false imprisonment, excessive force and failure to intervene claims under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments, arising from allegations that Defendants arrested him without probable cause under § 1983. Defendants argue that Plaintiff's Complaint does not set forth any facts that would invoke constitutional protections under the First, Sixth, Eighth, or Fourteenth Amendments. As Plaintiff has not alleged claims pursuant to the First, Sixth, Eighth, and Fourteenth Amendments, the Court finds that only the Fourth Amendment claims should proceed.

In <u>Albright v. Oliver</u>, the Supreme Court held that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, [and] not the more generalized notion of substantive due process, must be the guide for analyzing these claims." 510 U.S. 266, 273 (1994); <u>see also</u> <u>Dintino v. Echols</u>, 243 F. Supp. 2d 255, 263 (E.D. Pa. 2003) (Robreno, J.) ("The Fourth Amendment provides an explicit

textual source of constitutional protection against arrest without probable cause."). The Supreme Court, in <u>Albright</u>, explicitly stated that only the Fourth Amendment may serve as a guide for analyzing § 1983 claims of pretrial deprivations of liberty. 510 U.S. at 273. Therefore, Plaintiff's claims for false arrest, false imprisonment, abuse of process and malicious prosecution without probable cause as well as his excessive force and failure to intervene claims against Defendants will be dismissed to the extent that they are brought under the First, Sixth, Eighth, and Fourteenth Amendments.

Furthermore, Plaintiff does not contest in his response that he has failed to allege proper claims pursuant to the First, Sixth, Eighth, and Fourteenth Amendments. Therefore, the Court will grant Defendants' motion for summary judgment and will enter judgment in favor of all Defendants on Plaintiff's claims under the First, Sixth, Eighth, and Fourteenth Amendments.

F.   <u>False Arrest Claim</u>

Plaintiff alleges that Defendants Cullen, Ferrero, and Chim[6] did not have sufficient probable cause to arrest him. He

---

[6]   For the reasons previously addressed, Plaintiff's claim for false arrest against Defendant Chim will be dismissed as all

claims that he was subject to an unreasonable seizure under the Fourth Amendment because he had been "merely walking out of the Mall on 10th and Market Streets" when the Defendants "attacked [him] after he pulled 20 bucks from out of his pocket." Pl.'s Resp. 9. Defendants argue that they did have probable cause to arrest the Plaintiff and as a result Plaintiff's false arrest claim must fail.

The Fourth Amendment protects individuals from warrantless arrests without probable cause. A plaintiff may succeed in a § 1983 action for false arrest made absent a warrant, if plaintiff can prove that "there [was no] probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004).  The existence of probable cause can defeat a claim for false arrest. See Anderson v. Creighton, 483 U.S. 635, 663-64 (1986) (citing Pierson v. Ray, 386 U.S. 547, 555 (1967)).

Here, Plaintiff alleges and the exhibits Defendants attached establish that Plaintiff pled guilty to one of the charges stemming from his January 22, 2010 arrest. Plaintiff argues that his claim may lie even though he pled guilty to one of the charges against him because it was an "out-of-court plea." Under Heck v. Humphrey, "in a § 1983 suit, the district

_____

claims against Defendant Chim have been dismissed. See supra pp. 8-9.

court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487; see Telepo v. Martin, 359 F. App'x 278, 280 (3d. Cir. 2009). Claims found not to be barred by Heck include claims of unreasonable search and seizure, excessive force, and false arrest or imprisonment because they do not necessarily implicate the validity of a criminal prosecution following the arrest. 512 U.S. at 487 n.7; see also Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998).[7]

Plaintiff's claim would fail even if he could prove the absence of probable cause despite his guilty plea. Heck, 512 U.S. at 487. Here, the basis of Plaintiff's suit is that Defendants Ferrero, Cullen, and Chim unreasonably seized

---

[7] In Montgomery, the Third Circuit stated that "[b]ecause a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, we find [plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence." 159 F.3d at 126 (citation omitted). However, the Third Circuit has subsequently acknowledged that some false arrest claims, like the one in the case at bar, cannot succeed without undermining the basis of a prior conviction: "success on his § 1983 claim for false arrest would 'necessarily imply' that he was improperly convicted." Gibson v. Superintendent of N.J. Dep't of Law & Public Safety Div., 411 F.3d 427, 452 (3d Cir. 2005).

13

Plaintiff without probable cause. If that allegation were proven, it would plainly imply the invalidity of Plaintiff's conviction because his conviction pursuant to a guilty plea was based solely on the evidence obtained during his arrest. Accordingly, Defendants' summary judgment motion as to Plaintiff's Fourth Amendment claim for false arrest will be granted and judgment will be entered on the claim of false arrest in favor of all Defendants.[8]


     G.   Failure to Intervene Claims

       Plaintiff contends that Defendants Cullen and Chim should be held liable for failing to intervene when Defendant Ferrero was violating Plaintiff's constitutional rights. Defendants argue that Plaintiff has failed to present evidence that either Defendant Cullen or Chim knew that Plaintiff's

---

[8] Plaintiff also makes a claim of false imprisonment. Pl.'s Resp. 2. Where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest. Groman v. Twp. of Manalapan, 47 F.3d 269, 236 (3d Cir. 1995). Plaintiff's false imprisonment claim under § 1983 will be dismissed in the current motion for summary judgment because a necessary element of a false imprisonment claim is the occurrence of a false arrest. As Plaintiff's false arrest claim is barred under Heck v. Humphrey, 512 U.S. 477, Plaintiff's claim for false imprisonment similarly cannot survive. See supra pp. 11-13. Thus judgment will be entered on the claim of false imprisonment in favor of all Defendants.

constitutional rights were being violated and thus cannot be directly liable for failing to intervene.

Where "'a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under § 1983.'" Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002) (quoting Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986)). More specifically, if a police officer is present when another officer violates a citizen's constitutional rights, the first officer is liable under § 1983 if that officer had reason to know that a constitutional violation, such as excessive force, was being used, and that officer had "a reasonable and realistic opportunity to intervene." Smith, 293 F.3d at 651; see Johnson v. De Prospo, No. 08-1813, 2010 WL 5466255, at *4 (D.N.J. Dec. 30, 2010). Courts have held that such an opportunity exists only when excessive force is used "in [the officer's] presence or otherwise within his knowledge," Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972), or if the officer saw his colleague use excessive force or had time to reach him. Putman v. Gerloff, 639 F.2d 415, 423-24 (8th Cir. 1981).

In the instant case, the Plaintiff argues that Defendants Cullen and Chim had reason to know that he was being

15

arrested without probable cause and that excessive force was
being used. Defendant Cullen and Chim assert that Plaintiff has
failed to establish that either Defendant knew that Plaintiff's
constitutional rights were being violated or that either had a
reasonable opportunity to intervene. Defs.' Mot. for Summ. J. 8.
For the reasons previously addressed, Plaintiff's claim for
failure to intervene against Defendant Chim will be dismissed
for failure to raise a genuine issue of material fact. See supra
pp. 8-9.

However, on the current record, Plaintiff has alleged
sufficient facts demonstrating that Defendant Cullen witnessed
his arrest and was thus able to stop Defendant Ferrero from
allegedly using excessive force against the Plaintiff through
punching and kicking[9] him during the arrest. See Bryant Dep.
44:23-24, 45:1-4, 48:1-9, 55:7-12, 69:14-24; Arrest Report 1;
Defs.' Resp. to Pl.'s Interrogs. ¶ 11, Pl.'s Resp. Ex. G. The
arrest report indicates that Defendants Ferrero and Cullen were
the officers on duty the day Plaintiff was arrested and that
Plaintiff was tackled to the ground by Defendant Ferrero. Arrest
Report 1. However, in Defendants' responses to Plaintiff's
Interrogatories, Defendants state that Defendant Cullen was the

---

[9] Plaintiff is unsure if he was kicked, or received a "knee in
the back." Bryant Dep. 69:20-24.

one who tackled Plaintiff to the ground. Defs.' Resp. to Pl.'s Interrogs. ¶ 11.

Plaintiff's deposition testimony corroborates that two officers were involved in his alleged unlawful arrest. Specifically, he asserts that he was leaving the Gallery Mall at 10th and Market Streets on January 10, 2010, when an officer in plain clothes and without glasses pointed a gun at the Plaintiff and told him to freeze and get on the ground as the officer "was crossing 10th Street" toward Plaintiff. Bryant Dep. 43:22-24, 44:6-7, 45:20-24, 57:4-11. Plaintiff claims that he was subsequently tackled, punched, kicked and arrested by another officer "with the glasses on" for "a minute or two." Id. at 45:20-24, 47:5-9, 48:1-9, 58:7-9, 69:14-24.

As it is undisputed that Defendant Cullen was on duty the day of Plaintiff's arrest and either personally arrested or observed the events surrounding the arrest, there is a genuine issue of material fact as to whether Defendant Cullen had reason to know that Plaintiff's constitutional rights were being violated, had "a reasonable and realistic opportunity to intervene,"[10] but yet failed to prevent the alleged wrongs from

---

[10] Given that Defendant Ferrero did not move for summary judgment on the excessive force claim, it is difficult for the Court to evaluate the circumstances which may have made it "reasonable and realistic" for Defendant Cullen to intervene. This evaluation depends on factors which are not clear on the record,

occurring. Thus, Defendant Cullen's motion for summary judgment as to Plaintiff's failure to intervene claim must be denied.


**IV. CONCLUSION**

        For the reasons provided above, the Court will grant Defendant City of Philadelphia and Defendant Chim's summary judgment motions as to all claims and they will be dismissed with prejudice. The Court will also grant Defendants' motion for summary judgment as to all claims pursuant to the First, Sixth, Eighth, and Fourteenth Amendments. The Court will lastly grant Defendants Cullen and Ferrero's summary judgment motion on Plaintiff's claim for false arrest, but will deny summary judgment on Plaintiff's failure to intervene claim against Defendant Cullen.

        In sum, Plaintiff's malicious prosecution, abuse of process, excessive force, and failure to intervene claims under the Fourth Amendment will survive as against both Defendant Ferrero and Defendant Cullen.

        An appropriate order shall follow.

---

such as the length of time of the alleged event and whether there had been a prior understanding between the officers as to how to execute the arrest.

18